JUAN PEDRO SMITH, ETC., Plaintiff and Appellant, *v.* JUAN NEGRÓN CAYOL, Defendant and Appellee.

No. 8199.   Argued June 10, 1940.—Decided June 14, 1940.

*José Soto Rivera* for appellant.   *R. Cuevas Zequeira* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee has moved to dismiss the appeal in this case as frivolous.  The appellant filed his written opposition thereto.  At the hearing of the motion only the appellee appeared.

In the complaint prayer was made for a judgment decreeing that the plaintiff had established a homestead right in a certain house situated on a lot in Santurce, San Juan, Puerto Rico, of which right he can not be deprived until the defend-

ant has paid to him the sum of $500. It was alleged therein that the plaintiff was the owner of said house which he occupied as his only residence and that the same was sold to the defendant by the Marshal of the District Court of San Juan in a mortgage foreclosure proceeding instituted by the defendant against the appellant herein in said court, the plaintiff having filed with the marshal a written and sworn petition to set aside the $500 in order to secure his claim, which sum was not set aside because the purchaser failed to pay the amount in cash.

The defendant in his answer denied that the plaintiff was the owner of the house in question or that he resided in it or had established any homestead right in the premises. On the contrary, he alleged that the house belonged to him by virtue of an award in satisfaction of a debt; that for several years it had been leased to a Luis Diez who lived in it; that he had deposited $500 in the office of the marshal to answer for the claim in case the same were declared to be valid; that the plaintiff's claim to the marshal at the time of the public sale was made in bad faith, with knowledge that claimant had no homestead right in the house to be sold because neither he nor his wife lived in it but had leased it to Luis Diez, enjoying the rents, and because he and his wife by a public deed had expressly waived said right in the property.

The case went to trial and the court held as proven the following facts:

"That on September 1, 1933, the plaintiff Juan Pedro Smith, otherwise called Juan Pedro Arroyo, and his wife borrowed from the defendant Juan Negrón Cayol the sum of $2,680 for the term of one year and to secure said loan and the interest thereon, they constituted a voluntary mortgage in favor of the defendant upon the property which is described in the complaint . . . ; that the fifth clause of said deed reads, in part, as follows:

" 'Juan Pedro Smith, otherwise called Juan Pedro Arroyo, and his wife Carmen Landrón expressly waive any homestead right that may belong to them.'

"That by deed No. 3, executed by the same parties on February 15, 1935, before the same notary, the above-mentioned mortgage was extended to the sum of $3,000 and the maturity of the loan was postponed for one year to February 15, 1936; that in this last deed waiver was made of the homestead right by the plaintiff and his wife, in the same way as in the former deed . . . .

"It has also been proved that upon the mortgage claim becoming due and unpaid the defendant herein instituted the proper summary foreclosure proceeding which terminated in the public sale and award of the mortgaged property in favor of the defendant herein.

"It has been proved, further, that the plaintiff herein . . . and his family, for more than eight years or long before the constitution of the mortgage and at the time of the foreclosure thereof, had not lived in the house belonging to them but had leased it, and it was alleged by the plaintiff that he did not reside in it with his family by reason of ill-health."

The court went on to say:

"The defendant has submitted two questions in support for his motion for a nonsuit: first, that the plaintiff is not entitled to claim any homestead right in a property in which he has not been living for more than eight years; second, that the plaintiff and his wife made an express waiver of their homestead right in the two mortgage deeds, *supra*.

"Section 1 of the Homestead Act of 1936, *supra*, provides as follows:

" 'Section 1.—Every person who is the head of a family shall be entitled to possess and enjoy as a homestead a property of not over five hundred (500) dollars in value, consisting of a parcel of land and the buildings thereon, in any farm, plantation or parcel of land owned, or lawfully possessed, *and occupied by him or by his family as a residence*. This right of *homestead is unrenounceable* and any pact to the contrary is declared null.' (Italics ours.)

"The plaintiff maintains that it is not a legal requisite for the claimant of a homestead right to have resided in the property, inasmuch as section 5 of the act, says:

" 'Section 5.—No sale shall be made, under a judgment or execution, of any such urban or rural property *when the same is claimed or occupied* as a homestead, whether registered or not in the registry of property, unless a sum greater than five hundred (500) dollars is obtained therefor.' (Italics ours.)

"He further maintains that he had no intention to abandon his

right, since his absence from the property was due to reasons of ill-health of his family. The only case from this jurisdiction which he cites in support of his contention is *Miró* v. *F. Carrera & Hno.*, 42 P.R.R. 172, where it was held that:

" 'Neither Miró's temporary involuntary absence extending over a period of two months for the purpose of regaining his health, nor the letting of his home during that time amounted to an abandonment. *His intention to return was sufficiently shown by the reason for his removal, by the short duration of his absence, and by the fact that he did return before he had any actual notice of the action brought against him.'* (Italics ours.)

"We are of the opinion that said case is not applicable to the facts proved in the case at bar which show that the plaintiff, since more than eight years ago, or long before the mortgage was constituted, did not live or had his residence in the property, nor did he reside in it at the time of the foreclosure, which facts show an intention on the part of the plaintiff to definitely abandon said residence. The court gives no credence to the alleged reason of ill-health as a sufficient ground for the plaintiff to have retained his right to claim a homestead estate after the lapse of eight years.

"  *        *        *        *        *  .        *        *

"The foregoing would be sufficient to dismiss the complaint, but the evidence has shown, besides, that the plaintiff and his wife made an express waiver of their homestead right when they constituted the mortgage and there was nothing in the law then in force which precluded such waiver. The plaintiff maintains, however, that said waiver was not valid because it was not provided in an instrument of conveyance as required by section 3 of the Act of 1903 (Code of Civil Procedure, 1933 ed., p. 307), but this question had already been decided by our Supreme Court in the case of *Pagán* v. *Padín*, 45 P.R.R. 168, where (at page 171) it said:

" ' 'The fact that no waiver or transfer is to be considered valid unless it is expressly provided in the instrument of conveyance, does not mean that a written waiver can not be considered where the execution of a public deed of conveyance is not involved. If the act concerned is really one of transfer of title, the law requires an express waiver in the instrument of conveyance before the homestead right can be considered as waived; but where no conveyance is involved, and the waiver is expressly made in writing, the purpose of the statute is accomplished and what the parties have agreed must be accepted and respected.'

86

"For the reasons stated the court dismisses the complaint in this case, with costs, but without including attorney's fees."

We have examined the evidence and in our judgment it fully supports the findings of fact made. As regards the application of the law, we consider the same to be correct. ■ We have considered everything that the appellant urges in opposition to the motion and have concluded that his argument does not overcome the findings of the trial court.

It is true that all presumptions are in favor of the preservation and retention of the homestead once the same has been constituted (29 C.J. 961, par. 403); but it is also true that an unexplained absence of eight years from the premises is so long a period that it seems to indicate the abandonment of an intention to return to reside therein. Besides, even though we were to conclude—in view of the liberal interpretation which should be given to the law in the sense of acknowledging the right, since the spirit in which said law was inspired favors the maintenance of the family and hence of society in general—that the abandonment was not shown, the judgment complained of would always have to be upheld, because the waiver of the right, made at a time when the law authorized the same and in a proper way according to the decisions of this court, would be in itself sufficient for an affirmance.

That being so, the dismissal sought must be ordered.

Mr. Justice De Jesús took no part in the decision of this case.